FILED BY ＿＿ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUN 30  PM 5: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| WILLIE R. ADAMS, JR., | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2270-M1/V |
| SOCIAL SECURITY ADMINISTRATION, et al., | X | |
| Defendants. | X | |

ORDER CORRECTING THE DOCKET
ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Willie R. Adams, Jr., a resident of Memphis, filed a pro se complaint on the form used for instituting actions pursuant to 42 U.S.C. § 1983 on April 12, 2005,[1] along with a motion seeking leave to proceed in forma pauperis and appointment of counsel. On the basis of the information contained in the Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the Defendants as the Social

---

[1]     Although the Complaint purports to name the "United Nations Security Council on Human Rights" as an additional Plaintiff, no attorney for that entity has signed the Complaint and that entity has not paid the civil filing fee or otherwise indicated that it intends to participate in this lawsuit. Accordingly, the Clerk is ORDERED to correct the docket to reflect that Willie R. Adams, Jr. is the sole Plaintiff to this action.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _7-1-05_

Security Administration ("SSA") and Dana Walsh, who is described as a "Hebrew Slave Master," and who is apparently employed by the Tennessee Department of Disability Determination.

The Complaint purports to invoke this Court's jurisdiction "under the Federal War Powers Act U.S.C.A. Stat 15." The factual allegations of the complaint consist, in their entirety, of the following:

Plaintiff is Principle, Rev. Willie R. Adams, Jr. brings action against defendants in the above captioned case alledging [sic] civil rights violations under U.S.C.A. 1972 et. al, violation of constitutional right to freedom of religion, Insurance Fraud and acting in concert of a Kidnapping torture and slavery under color of State and Federal law. All in violation of International law.

THE FACTS IN THIS CASE ARE AS FOLLOWS; [sic]

Plaintiff Willie R. Adams, Jr. was Kidnapped while enroute [sic] to his place of employment in Juneau, Alaska and tortured by Police nearly eight hours breaking his fingers, collar bone and shoulder bone. No medical treatment was received. He was then held in a concentration camp five years under color of law.

The Federal Court as well as the United Nations is well aware of the facts in this Case.

Plaintiff after degenerating applied for Social Security disability Insurance having paid into it since age 13, was denied disability by the State who has no jurisdiction to do so under the premise Plaintiff is Chattel Slave property. Which is a flat foot lie.

Plaintiff is a decorated Viet Nam War era Veteran and don't even know these crazy white peoples. (See Willie Adams et., al vs. Jay Stephens[.])

2

In his prayer for relief, the Plaintiff asks the Court to "[i]ssue Federal Court Order to Social Security to either pay disability or return money paid into it for nearly forty years."

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's Complaint is subject to dismissal in its entirety.

Plaintiff's Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Mitchell v. Community Care Fellowship, 8 Fed. Appx. 512 (6th Cir. May 1, 2001) (emphasis in original; citation omitted).

The allegations in this Complaint fail to satisfy the requirements of Rule 8(a)(2). The Complaint does not explain how

3

the named Defendants are implicated in the alleged kidnaping, torture, and unlawful detention of the Plaintiff. Moreover, although the Complaint does allege that the Plaintiff applied for disability benefits and that his application was denied by the Tennessee Department of Disability Determination, the Complaint does not allege that the Plaintiff sought reconsideration of that adverse determination, received an adverse decision by an administrative law judge, and appealed that determination to the Appeals Council. In addition, the references in the Complaint to the "Federal War Powers Act," "violation of constitutional right to freedom of religion, Insurance Fraud and acting in concert of a Kidnapping torture and slavery" do not meet the requirements of Rule 8(a)(2).

The Court ordinarily would order the Plaintiff to amend his Complaint to comply with the Federal Rules of Civil Procedure. Such a course is, however, unavailable when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under these circumstances, the appropriate course is to dismiss the complaint without prejudice to the Plaintiff's right to commence a new action concerning the same subject matter, so long as the new complaint is in compliance with Fed. R. Civ. P. 8(a)(2).

Even if the Complaint is construed as asserting a claim based on the denial of disability benefits to the Plaintiff,

4

Plaintiff has no claim against the SSA under 42 U.S.C. § 1983, which applies to violations of rights secured by the United States Constitution or federal law by persons acting under color of state law. The SSA, a federal agency, acts under color of federal law. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); Habtemariam v. Adrian, No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999); Johnson v. Ionia United States Postal Serv., Nos. 90-1078, 90-1313, 1990 WL 115930, at *1 (6th Cir. Aug. 10, 1990); Walber v. United States Dep't of Housing & Urban Dev., No. 88-1984, 1990 WL 19665, at *2 (6th Cir. Mar. 5, 1990).

Although the Court could construe the Complaint, which alleges unspecified violations of the Plaintiff's constitutional rights, as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), Plaintiff has no cause of action against either the SSA or Defendant Walsh under Bivens. As a preliminary matter, Plaintiff's claim against the SSA, a federal agency, is barred by sovereign immunity. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of

_Investigation_, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a _Bivens_ action against a federal agency for damages"). The doctrine of sovereign immunity also bars _Bivens_ actions for declaratory and injunctive relief. _Wolverton v. United States_, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); _United States v. Rural Elec. Convenience Coop. Co._, 922 F.2d 429, 434 (7th Cir. 1991).

Plaintiff cannot avoid this result by suing Defendant Walsh, or any decisionmaker employed by the SSA, as the Supreme Court held in _Schweiker v. Chilicky_, 487 U.S. 412 (1988), that there is no cause of action under _Bivens_ for the improper denial of disability benefits resulting from due process violations by government officials.

To the extent the Plaintiff sues Defendant Walsh in her official capacity under 42 U.S.C. § 1983, any such claim is effectively brought against the State of Tennessee. _Hafer v. Melo_, 502 U.S. 21, 25 (1991); _Kentucky v. Graham_, 473 U.S. 159, 164-65 (1985); _Pennhurst State Sch. & Hosp. v. Halderman_, 465 U.S. 89, 101-02 (1984). Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. _Graham_, 473 U.S. at 165-66; _Pennhurst_, 465 U.S.

6

at 98-100; <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).[2] Tennessee has not

waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a).

Moreover, a state is not a person within the meaning of 42 U.S.C.

§ 1983. <u>Lapides v. Board of Regents of the Univ. Sys. of Georgia</u>,

535 U.S. 613, 617 (2002); <u>Will v. Michigan</u>, 491 U.S. 58, 71 (1989).

Finally, to the extent the Court construes the

Plaintiff's claim as arising under 42 U.S.C. § 405(g),[3] this Court

appears to lack subject-matter jurisdiction over it. In order to

obtain a "final decision" within the meaning of § 405(g), the

following steps must be followed:

> First, a claimant is entitled to an initial determination
> of disability. 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503.
> Secondly, if dissatisfied, the claimant may request a <u>de</u>
> <u>novo</u> reconsideration of that determination. 20 C.F.R. §§
> 404.907-404.921. Third, if still dissatisfied, the
> claimant is entitled to an evidentiary hearing and a <u>de</u>
> <u>novo</u> review before an ALJ. 42 U.S.C. § 405(b); 20 C.F.R.
> §§ 404.929-404.961. Fourth, the claimant may take an
> appeal to the Appeals Council. 20 C.F.R. §§ 404.967-
> 404.983. The claimant may then seek judicial review in
> federal district court. 42 U.S.C. § 405(g). Thus, for
> purposes of the finality requirement of § 405(g), a claim
> becomes final after the Appeals Council renders its
> decision.

---

[2]     The Eleventh Amendment has been construed to bar suits by citizens against their own states. <u>Pennhurst</u>, 465 U.S. at 100; <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890).

[3]     That statute provides, in pertinent part, as follows: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such notice or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business."

<u>Willis v. Sullivan</u>, 931 F.2d 390, 397 (6th Cir. 1991). Until the Secretary of the SSA renders a "final decision" on the Plaintiff's application for disability benefits, this Court lacks subject-matter jurisdiction under § 405(g). <u>Id.</u> As previously mentioned, <u>see</u> <u>supra</u> p. 4, the allegations of the Complaint are insufficient to permit the Court to conclude that it has subject-matter jurisdiction under § 405(g).

Accordingly, the Court DISMISSES the Complaint, in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8(a)(2). Because the Complaint is dismissed, the motion for appointment of counsel is DENIED as moot.

The Court must also consider whether Plaintiff should be allowed to appeal this decision <u>in</u> <u>forma</u> <u>pauperis</u>, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u> must obtain pauper status under Fed. R. App. P. 24(a). <u>See</u> <u>Callihan v.</u> <u>Schneider</u>, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u>, the plaintiff must file his motion to proceed <u>in</u>

forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendant, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8(a)(2) also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the Plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must pay the $255 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 30 day of June, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02270 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

Willie R. Adams
1422 Frayser Blvd
Memphis, TN 38127

Honorable Jon McCalla
US DISTRICT COURT